FILED
CHARLES D. SUSANO III
CLERK
2025 FEB 11 AM 11:07
KNOX COUNTY CIRCUIT,
CIVIL SESSIONS
AND JUVENILE COURTS

**IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE**
**FOR THE SIXTH JUDICIAL DISTRICT AT KNOXVILLE**

| | | |
|---|---|---|
| **DAVID TAYLOR,** | } | |
| **Plaintiff,** | } | |
| **v.** | } | **CASE NO.:** 1-41-25 |
| | } | **JURY TRIAL DEMANDED** |
| **CASEY'S GENERAL STORES, INC.,** | } | |
| **Defendant.** | } | |

**COMPLAINT**

**COMES NOW** the plaintiff, David Taylor (hereinafter "Plaintiff"), by and through undersigned counsel, Law Office of James W. Friauf, and for his *Complaint* against the defendant, Casey's General Stores, Inc. (hereinafter "Defendant") avers as follows:

**PARTIES**

1. Plaintiff is a resident citizen of Cocke County, Tennessee.

2. Defendant is a foreign for-profit corporation with its principal place of business in Ankeny, Iowa. At all material times, Defendant was engaged in the retail gasoline and convenience sales industry and transacts or has transacted business in Knox County, Tennessee. Defendant is registered to conduct business in Tennessee, and its registered agent is United Agent Group Inc. If Defendant declines to waive service of a summons, service of process may be perfected upon Defendant's registered agent at 205 Powell Place, Brentwood, Tennessee 37027.



EXHIBIT
tabbies
1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this *Complaint*, and venue is proper pursuant to Tenn. Code Ann. § 20-4-101(a), in that the cause of action arose in Knox County.

## GENERAL ALLEGATIONS

4. On February 12, 2024, at approximately 10:00 PM, Plaintiff patronized Defendant's store on Cumberland Avenue near the University of Tennessee at Knoxville's campus.

5. He entered Defendant's premises and walked to the back of the store.

6. Despite exercising reasonable diligence while walking, Plaintiff unknowingly stepped in water on the floor.

7. As he did so, Plaintiff immediately lost his footing; and, despite his efforts to the contrary, fell and violently struck the floor.

8. Plaintiff felt immediate pain in his back.

9. As Plaintiff's wife attempted to help him to his feet, Plaintiff slipped and fell a second time.

10. Plaintiff immediately reported the fall to the cashier on duty, "Matt Swell".

11. Plaintiff then learned one of Defendant's employees had been mopping the floor and had left a residue of water and cleaning solution behind.

12. Defendant, despite having actual or constructive knowledge of the dangerous condition on its premises of which it knew or should have known its patrons regularly came into direct contact, maintained or failed to remediate the dangerous condition.

13. Defendant failed to place any signage warning patrons of the dangerous condition.

14. The next morning, Plaintiff continued to suffer severe back pain, as well as pain in his right leg and shoulder. Accordingly, he presented to Jefferson Memorial Hospital where he underwent diagnostic testing.

15. Plaintiff was initially diagnosed with: (1) right scapula contusion; (2) thoracic wall contusion; and (3) lumbar contusion.

16. Due to continued pain, in April 2024, Plaintiff presented to Jefferson Memorial Hospital where he underwent further diagnostic testing and was diagnosed with right-sided sciatica.

17. Plaintiff underwent physical therapy from April through June 2024, without significant pain relief and was ultimately diagnosed with a bulging disc in his lower back.

18. In August 2024, Plaintiff's medical providers opined that "*it is highly likely that the fall [at Defendant's premises] induced his current symptoms and injury.*"

19. Plaintiff's injuries were the direct and proximate result of Defendant's negligence in maintaining and otherwise failing to warn or correct a dangerous condition on its premises it actually or constructively knew was likely to result in serious bodily injury to patrons.

20. The averred conduct by Defendant constitutes negligence, as Defendant's conduct fell below the applicable standard of care, which directly and proximately caused Plaintiff severe injuries and damages.

21. As a direct and proximate result of each and every one of the foregoing acts, conduct, and violations of the law alleged herein, Plaintiff has suffered injuries damages in an amount and according to proof including, but without limitation, physical pain and suffering, emotional pain and suffering, mental anguish, inconvenience, medical bills, loss of income, loss of lifetime earning capacity, and other incidental and consequential damages.

22. Plaintiff further seeks an award of pre- and post-judgment interest as permitted by law.

**WHEREFORE,** Plaintiff prays for Judgment against Defendant as follows:

1. Compensatory damages in an amount of not more than FIVE HUNDRED THOUSAND DOLLARS AND 00/100 ($500,000.00).

2. Incidental and consequential damages in an amount to be determined by a jury.

3. Any and all further relief awarded by a jury or the Court deems appropriate.

Respectfully submitted this 11th day of February 2025.


**DAVID TAYLOR**

By: James Friauf (#027238)
Law Office of James W. Friauf
Knoxville, TN 37923
Tele: (865) 236-0347
Email: james@friauflaw.com
Our File No.: 24-038-INJ

*Attorney for the plaintiff, David Taylor*

FILED
CHARLES D. SUSANO III
CLERK

2025 FEB 11 AM 11:07

KNOX COUNTY CIRCUIT,
CIVIL SESSIONS
AND JUVENILE COURTS

**COST BOND**

We, David Taylor, as Principal, and Law Office of James W. Friauf, as Surety, are held and firmly bound unto the Knox County Circuit Court Clerk, for payment of all costs awarded against the principal. To that end, we bind ourselves, our heirs, executors, and administrators.

The Principal are commencing a legal proceeding in the Circuit Court for Knox County. If the Principal shall pay all costs that are adjudged against them, then this obligation is void. If the Principal fails to pay, then the Surety shall undertake to pay all costs adjudged against the Principal in accordance with Tenn. Code Ann. § 20-12-120, *et seq*.

PRINCIPAL: ______________________
David Taylor

SURETY: Law Office of James W. Friauf
______________________
James W. Friauf